**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Terence Jerome RICHARDSON,
Defendant—Appellant.**

No. 07–6694.

United States Court of Appeals,
Fourth Circuit.

Submitted: June 21, 2007.

Decided: June 29, 2007.

Terence Jerome Richardson, Appellant Pro Se. David John Novak, Office of the United States Attorney, Richmond, Virginia, for Appellee.

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terence Jerome Richardson appeals the order of the district court dismissing for lack of jurisdiction Richardson's motion filed under Fed.R.Civ.P. 60(b) but characterized by the district court as a successive 28 U.S.C. § 2255 (2000) motion.

Richardson may not appeal from the denial of relief in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (2000). Richardson may satisfy this standard by demonstrating that reasonable jurists would find both his constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.), *cert. denied,* 534 U.S. 941, 122 S.Ct. 318, 151 L.Ed.2d 237 (2001). We have reviewed the record and determine that Richardson's self-styled Motion under Rule 60(b) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000). *See United States v. Win-*

*estock*, 340 F.3d 200, 206 (4th Cir.2003). We therefore treat Richardson's notice of appeal and appellate brief as a request for authorization from this court to file a second § 2255 motion. *See id.* at 208. This court may authorize a second or successive § 2255 motion only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. *See* 28 U.S.C. §§ 2244(b)(2), 2255. The applicant bears the burden of making a prima facie showing of these requirements in his application. *See In re Fowlkes*, 326 F.3d 542, 543 (4th Cir.2003). In the absence of prefiling authorization, the district court is without jurisdiction to entertain the motion. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir.2000).

After reviewing Richardson's motion and the record in this matter, we conclude that it does not meet the applicable standard. We therefore deny Richardson's request for a certificate of appealability and dismiss the appeal. We further deny Richardson's implied request for authorization to file a second or successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*